IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRENDALYN C. NICHOLAS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:18-cv-1073-SRW |
| MOBILE INFIRMARY ASSOCIATION, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

I. **INTRODUCTION**

On August 31, 2017, Plaintiff Brendalyn Nicholas filed a complaint in the Mobile, Alabama EEOC office alleging violations of Title VII of the Civil Rights Act of 1964. Doc. 41 ¶ 6. On December 26, 2018, Plaintiff initiated this suit against Defendant Mobile Infirmary Association doing business as Mobile Infirmary Medical Center ("MIMC"), Defendant Dr. Benjamin J. Makamson, and Defendant Vascular Associates of South Alabama, LLC ("VASA"). Doc 1. Plaintiff filed her amended complaint on July 17, 2019. Doc. 41. The amended complaint alleges (1) claims for sexual harassment and constructive discharge under Title VII against Plaintiff's former employer, MIMC; and (2) state law tort claims for assault and battery against Makamson, as well as vicarious liability for those torts against VASA, of which Makamson is a member. Doc. 41 ¶¶ 41–71.

Pending before the court are Makamson's Motion to Dismiss or Transfer Venue (Doc. 43), MIMC's Restated Motion to Transfer Venue to the Southern District of Alabama (Doc. 44), and VASA's Motion to Dismiss or, in the Alternative, to Transfer Venue (Doc. 46). Plaintiff responded to each motion (Docs. 48, 49, 50), and each defendant filed a reply

1

(Docs. 55, 56, 57). Having carefully considered the parties' briefs, the record, and the applicable law, the court finds that Makamson's, MIMC's, and VASA's motions (Docs. 43, 44, 46) are due to be granted to the extent that this case should be transferred to the United States District Court for the Southern District of Alabama.

## II. LEGAL STANDARDS

Pursuant to the special venue provision of Title VII, an action:

> may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3). Additionally, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The law in the Eleventh Circuit . . . is that a Title VII case is subject to the same § 1404(a) analysis as other cases." *E.E.O.C. v. Outokumpu Stainless, USA, LLC*, No. 2:15-cv-405-WHA, 2015 WL 5685240 at *3 (M.D. Ala. Sept. 25, 2015); *see Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654–655 (11th Cir. 1993). The district court retains broad discretion to transfer a case to a more convenient forum, and the decision to transfer is reviewed only for clear abuse of discretion. *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991); *Carter v. Rudinplay, Inc.*, No. 18-117-WS-B, 2018 WL 2107608 at *7 (S.D. Ala. May 7, 2018); *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D. Ala.

1994). The moving party bears the burden of showing entitlement to transfer. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) ("[I]n the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient.").

To determine whether transfer is proper, the court engages in a two-step analysis under 28 U.S.C. § 1404(a). First, the court determines whether the suit could have been brought in the venue in which transfer is sought. Second, the court "weigh[s] the relevant factors and consider[s] the interests of justice to decide whether transfer is appropriate." *Moore v. Baker*, No. 2:18-cv-6-MHT-DAB, 2018 WL 3421601 at *3 (M.D. Ala. June 18, 2018) (citing *Carroll v. Tex. Instruments, Inc.*, 910 F. Supp. 2d 1331, 1333 (M.D. Ala. 2012)). In deciding the second step, the court considers factors including (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergy's Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

### III. DISCUSSION

In this case, all three Defendants seek to transfer this matter to the Southern District of Alabama, the district in which they reside. As to whether this action could have been brought in the Southern District originally, 28 U.S.C. § 1391 provides that an action may be brought in a judicial district "in which any defendant resides, if all defendants are

residents of the State in which the district is located" or a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1), (2). Defendant MIMC, referencing Title VII's special venue provision, correctly asserts that the Southern District "is in the State where the claimed unlawful employment practice allegedly occurred, is the judicial district where the employment records are maintained and administered, and is the district where the Plaintiff worked." Doc. 44 at 4; 42 U.S.C. § 2000e-5(f)(3). MIMC is an Alabama non-profit corporation, formed in Mobile County, whose principal place of business is Mobile. Doc. 44-1 ¶ 2. Defendant Makamson maintains, also correctly, that because the events or omissions giving rise to the state-law claims against him[1] "allegedly occurred at [MIMC] in Mobile County, and [because] Makamson is a resident of Baldwin County," this case could have been filed in the Southern District. Doc. 43 at 5. For purposes of its motion, Defendant VASA has established through the affidavit of Andrew Radoszewski that it is an LLC registered in Mobile; its offices are located in Mobile County; it has never conducted business by agent in any county besides Mobile County or Baldwin County; it has never had projects or employees in any county located in the Middle District of Alabama; and Makamson, a member of VASA, resides in Baldwin County. Docs. 46 at 6; 54-1. Plaintiff does not argue otherwise, and, based on defendants' responses, the court finds that the Southern District of Alabama is a venue in which this case could have been brought in the first instance.

---

[1] The state law claims against Makamson and VASA are subject to the district court's exercise of supplemental jurisdiction under 28 U.S.C. § 1367.

4

The convenience and the interests of justice also weigh in favor of transfer to the forum requested by all three Defendants, as discussed below.

   1. *Convenience of the Witnesses*

"[T]he most important factor in passing on a motion under § 1404(a) is the convenience of witnesses." *Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1091 (M.D. Ala. 1996). The court should consider the convenience of non-party witnesses more than that of party witnesses. *See, e.g.*, *Armstrong v. CSX Transp., Inc.*, No. 2:18-cv-856-JEO, 2018 WL 4144996 at *2 (N.D. Ala. Aug. 30, 2018); *ASD Specialty Healthcare, Inc. v. Letzer*, No. 2:10-cv-388-WKW, 2010 WL 2952573 at *4 (M.D. Ala. July 26, 2010). Makamson, a party witness, resides in Baldwin County. Docs. 43 at 5; 54-1 ¶ 13. VASA's clinic is located in Mobile, where VASA is registered. Doc. 54-1 ¶¶ 5, 6. Through the affidavit of Randy Stembridge, MIMC, Plaintiff's former employer, has "confirmed from the records of [MIMC] . . . five (5) current clinical employees . . . all of whom provide direct patient care in either Mobile, Alabama or Fairhope, Alabama" who are possible witnesses in this case. Doc. 44-1 at 2. MIMC also names as potential witnesses the employee of one of its vendors and "Plaintiff's personal medical providers who submitted medical certifications for her FMLA requests." *Id*. All of these possible witnesses live and work in either Mobile County or Baldwin County. *Id*.; Doc. 44 at 4. Plaintiff responds that because the aforementioned witnesses are yet unnamed, they should not factor into the analysis. *See* Doc. 48 at 6. The court disagrees. *See Carroll*, 910 F. Supp. 2d at 1338 (A moving party need not "identify with certainty all of its potential witnesses . . . for litigation at the motion-to-transfer stage is often much too early in the game to ask that."). Moreover, in her amended complaint, Plaintiff names five individuals who have knowledge of the

underlying incidents in this case: R.B., a "fellow female nurse employee"; Ann Sands, her immediate supervisor; Ashley Simmons, director; Pat McDonald, team leader; and Melissa Boesen, a MIMC human resources official. Doc. 41 ¶¶ 17, 22, 23, 25. The court reasonably infers that these five possible non-party witnesses live in the Southern District; Plaintiff has not indicated otherwise. "The convenience of the witnesses is best served when witnesses are allowed to testify in the forum where they reside." *Morrissey v. Subaru of Am., Inc.*, No. 1:15-cv-21106-KMM, 2015 WL 9583278 at *3 (S.D. Fla. Dec. 31, 2015) (citation omitted). The Middle District of Alabama is approximately 170 miles away from the Southern District of Alabama at Mobile. Accordingly, the convenience of the witnesses, especially that of the non-party witnesses, weighs in favor of transfer.

*2. Location of Relevant Documents and Ease of Access to Sources of Proof*

The three Defendants maintain that all of the documents relevant to this litigation are located in the Southern District because these are stored at their respective places of business. Docs. 43 at 4; 44 at 5; 46 at 8; 54-1 ¶ 11. Through the affidavit of Randy Stembridge, MIMC submits that "records relating to activities in the surgery department," where the complained-of conduct allegedly occurred, as well as "all personnel files, investigative files, and other documents, both electronic and paper files, related to Plaintiff's employment and the terms and conditions of her employment and her separation are located in Mobile . . . on the campus of [MIMC]." Doc. 44-1 ¶ 7. Plaintiff responds that discovery will be conducted electronically and deposition documents will be available to all three Defendants "on their home turf." Docs. 48 at 7; 49 at 10; 50 at 10. The court agrees that this factor may be less important than in the past because records can be shared electronically, but it must be weighed nevertheless. *Manuel*, 430 F.3d at 1135 n.1. In the

6

context of a Title VII case, when employment records are maintained in, and when the majority of material witnesses and evidence relevant to the Title VII claims are located in, a district different from that chosen by the plaintiff, the plaintiff's chosen venue may be given less deference. *See Thomas Road & Rail Services*, No. 2:18-cv-1064-MHT-WC, 2019 WL 2179564 at *1 (M.D. Ala. Apr. 9, 2019). On balance, the court finds that this factor weighs in favor of transfer.

   3. *Convenience of the Parties*

Litigation is generally inconvenient and unpleasant for all parties, no matter where the case is tried. Plaintiff argues that it is most convenient to try this case in the Middle District where she resides, so that she may maintain her employment and avoid "exorbitant travel expense to the Southern District." Docs. 48 at 7; 49 at 10; 50 at 11. She contends that MIMC and VASA need not "concern" themselves "with whether agents who take time away from work to participate at trial will impact agents' prospects for ongoing employment." Docs. 48 at 7; 50 at 11. As to Makamson, she suggests that he does not need to worry about future employment if he takes time away from work for litigation either. Doc. 49 at 10. VASA does not address the convenience of the parties factor. Makamson argues that this factor weighs in favor of transfer because he and "all of the Defendants are located in Mobile or Baldwin Counties." Doc. 43 at 6. MIMC argues that, because it is a hospital, "the absence of a number of its employees to attend court proceedings in Montgomery could adversely affect proper staffing for patient care and efficient operations." Doc. 44 at 6. "[F]ederal courts will accord great deference to the plaintiff's choice of forum if the forum is in the district in which he or she resides." *Hutchens*, 928 F. Supp. at 1090. The Defendants dispute that Plaintiff actually lives in the

7

Middle District, but the court takes this fact as true for purposes of these motions. However, as discussed more fully below, Plaintiff's choice of forum is entitled to lesser consideration because the operative facts underlying her causes of action did not occur in the chosen forum. *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp 1354, 1358 (M.D. Ala. 1998). Thus, the court finds that the convenience of the parties is not a determining factor.

 4. *Locus of Operative Facts*

The alleged occurrence in March 2017 and resulting actions or omissions in March through September 2017 that give rise to the claims in Plaintiff's amended complaint occurred at the Mobile Infirmary and/or in the Southern District. Doc. 41. In response to all three Defendants, Plaintiff states that because "all other factors" favor her choice of forum, "the locus of the operative facts simply does not matter." Docs. 48 at 8; 49 at 11; 50 at 11. On the contrary, the locus of the operative facts is an important factor to consider when a court decides whether to transfer a case under § 1404(a). *See, e.g.*, *Moore*, 2018 WL 3421601 at *4. Because none of the operative facts alleged in the amended complaint occurred in the Middle District, the court finds that this factor strongly favors transfer.

 5. *Availability of Process to Compel Attendance of Unwilling Witnesses*

MIMC and VASA both cite concerns about the geographic limits of Rule 45[2] and their ability to compel the attendance of non-party witnesses if this action remains in the

---

[2] Pursuant to Rule 45, a subpoena may command a person to attend a trial, hearing, or deposition:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.
Fed. R. Civ. P. 45(c)(1).

Middle District. VASA argues that because Montgomery is nearly 170 miles from Mobile, absent transfer, "the parties could encounter difficulty in compelling the attendance of unwilling witneses—all of whom reside or are employed in the Southern District." Doc. 46 at 8. Through the affidavit of Randy Stembridge, MIMC establishes for purposes of its motion that there are "a number of witnesses" who are MIMC's non-employees or former employees whose attendance may not be compelled. Doc. 44 at 6–7. Plaintiff responds that MIMC and VASA lack standing to cite the availability of potential or non-party witnesses as a reason supporting transfer of venue. Docs. 48 at 9; 50 at 12. The court disagrees, and finds that the availability of compulsory process factor weighs in favor of transfer to the Southern District because that is where the non-party witnesses appear to reside.

6. *Relative Means of the Parties*

The court credits Plaintiff's argument that MIMC's, VASA's, and Makamson's resources far exceed her own. Docs. 48 at 9; 49 at 12; 50 at 12. MIMC concedes that it and VASA have greater means than Plaintiff, but contends that "transporting and housing necessary company witnesses and losing the services of multiple employees during an out of town absence for trial is disproportionate to the Plaintiff's expense of transporting herself to the Southern District." Doc. 44 at 7. The court finds that this factor does not weigh in favor of transfer.

7. *Familiarity with the Governing Law*

Both this court and the United States District Court for the Southern District of Alabama at Mobile are equally familiar with the applicable law, so this factor does not weigh in favor of transfer.

8. *Plaintiff's Choice of Forum*

Plaintiff resides in the venue she chose for this litigation. Doc. 41 ¶ 1. She argues that her "choice of forum is important in this case because her choice is statutory. 42 U.S.C. § 2000e-5(f)(3)." Docs. 48 at 10; 49 at 12; 50 at 12. She further contends that "she meets all the criteria for this Court to take supplemental jurisdiction over her claims against Makamson" and VASA, a premise that both Makamson and VASA contest. Docs. 49 at 12; 50 at 13; *see* Docs. 43 at 1–4; 46 at 4–7.[3]

"[F]ederal courts will accord great deference to the plaintiff's choice of forum if the forum is in the district in which he or she resides." *Hutchens*, 928 F. Supp. at 1090. However,

> where the forum selected by the plaintiff is not connected with the parties or the subject matter of the lawsuit, it is generally less difficult than otherwise for the defendant, seeking a change of venue, "to meet the burden of showing sufficient inconvenience to tip the balance of convenience strongly in the defendant's favor."

*Id*. at 1091 (quoting *Prather v. Raymond Const. Co., Inc.*, 570 F. Supp. 278, 284 (N.D. Ga. 1983)); *see also Gould*, 990 F. Supp. at 1358 (quoting *Garay v. BRK Elec.*, 755 F. Supp. 1010, 1011 (M.D. Fla. 1991)) (when "the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration"); *Johnston*, 158 F.R.D. at 505 ("Where none of the conduct complained of

---

[3] The court's conclusion that this case should be transferred to the Southern District pretermits discussion of these arguments.

10

took place in the forum selected by Plaintiff, the Plaintiff's choice of forum is of minimal value in determining whether to transfer an action"). Because all of the complained of conduct and the operative facts underlying this action occurred in the Southern District, Plaintiff's choice of forum merits less deference. In short, the Middle District has no connection to this case except that Plaintiff lives in Montgomery. Thus, the court finds that Defendants have sufficiently shown that this factor also favors transfer.

9. *Trial Efficiency and the Interests of Justice*

The court understands that Plaintiff does not wish to "return to Mobile and once again, 'play ball on [the Defendants'] turf.'" Docs. 48 at 10; 49 at 13; 50 at 13. However, just as in *E.E.O.C. v. Outokumpu Stainless*, "[t]here is little to no public interest in having this case decided in the Middle District of Alabama because this forum has no connection to the case, but there is a very strong public interest in having the case decided in the Southern District of Alabama where the alleged discrimination occurred, and where the Defendant[s] and [their] employees are located." *Outokumpu Stainless*, 2015 WL 5685240 at *6. This lawsuit is more localized to the Southern District than to this district because its citizens have greater interest in administration of justice in a lawsuit naming a local doctor, hospital, and professional association than do those of Montgomery. Therefore, this factor also weighs in favor of transfer.

In light of the foregoing, the court concludes that the interest of justice and the convenience of the parties and witnesses dictate that this action is due to be transferred to the Southern District of Alabama.

IV. **CONCLUSION**

Accordingly, for the reasons outlined above, it is

ORDERED that Defendant Makamson's Motion to Dismiss or Transfer Venue (Doc. 43), Defendant Mobile Infirmary Association's Restated Motion to Transfer Venue (Doc. 44), and Defendant Vascular Associates of South Alabama's Motion to Dismiss or, in the Alternative, to Transfer Venue (Doc. 46) are GRANTED to the extent that venue will be transferred. It is further

ORDERED that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama.

Done, on this the 10th day of January, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge